UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Civil Case No. 5:15-cv-627-BO

| | |
|---|---|
| FREDERICK L. ALLEN and<br>NAUTILUS PRODUCTIONS, LLC<br>Plaintiffs<br>v.<br>ROY COOPER, Governor of the State of<br>North Carolina, *in his official capacity*, et al.,<br>Defendants | **MEMORANDUM IN SUPPORT OF<br>PLAINTIFFS' MOTION FOR<br>RECONSIDERATION**<br>**[Fed. R. Civ. P. 60(b)(6)]** |

## I. INTRODUCTION

As indicated in the Status Report [DE#102], Plaintiffs Frederick Allen and Nautilus Productions (collectively, "Allen") seek reconsideration of this Court's dismissal of Count III of Allen's Amended Complaint. Reconsideration is well-justified, for each of at least two reasons.

**First, the relevant law has changed; resort to state court no longer is required.**

This Court's dismissal of Count III followed Fourth Circuit precedent that, at the time, seemed to require Allen to bring takings and Sec. 1983 claims *first* in state court. [DE 69 at 21.] Allen's claim had not been brought in state court, and this Court proceeded to dismiss it on that basis, without proceeding to the merits or conducting further analysis.

The United States Supreme Court has since reversed the established precedent requiring that suit first be brought in state court, where a federal right is involved—as in this case. *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019). Thus, neither *Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172 (1985), nor its progeny, *Hutto v. S.C. Ret. Sys*, 773 F.3d 536 (4th Cir. 2014), are still good law to the extent they hold otherwise. This Court's decision, while originally duly grounded in those precedents, no longer has such a basis.

**Second, the State has now conceded the validity of an alternative basis for proceeding based on the facts alleged in the Complaint: abrogation under *United States v. Georgia.***

During oral argument in front of the United States Supreme Court, North Carolina conceded that allegations of intentional infringement permit Allen to proceed with a direct constitutional claim under the abrogation doctrine established in *United States v. Georgia*. To wit, the State asserted:

> *"Whenever a plaintiff can reasonably allege that there has been intentional copyright infringement and there are not adequate remedies, then, under this Court's Georgia decision, [he] can bring a direct constitutional claim."*

*Allen v. Cooper*, No. 18-877, Tr. 39:21-40:1 (Ex. 1).

Allen's complaint alleges intentional infringement by repeated copying even after express notice. *See, e.g.*, paragraph 45 of the Amended Complaint [DE 12] in which it is alleged that <u>even after suit had been filed</u>, the State continued to infringe, and paragraph 48 (which was paragraph 46 in the Complaint as first filed), alleging that Allen issued takedown notices which, as evident from paragraph 45 and from paragraph 75, were ignored and for which Allen has no adequate remedy. These allegations (and still further allegations of intentional infringement, inadequate remedies, and absence of process that Allen will add if permitted to do so) would support a finding that North Carolina's conduct violated not only the Copyright Act but the Fifth and Fourteenth Amendments as well. Thus, this Court has the authority to allow the claims of Allen's complaint to proceed under a *Georgia* theory—just as North Carolina represented to the United States Supreme Court that Allen is entitled to do.

Allen seeks reinstatement of his lawsuit, and upon reinstatement will seek to amend his complaint to the extent necessary to more fully plead the consequences of North Carolina's

intentional infringements, which – as the State has admitted –should entitle him to bring a direct constitutional claim. It would be a travesty of justice for the State to represent to the United States Supreme Court that a plaintiff is entitled to proceed on this theory, and yet deny Allen the opportunity to do so.

II.     NATURE OF THE CASE

As this Court is well aware, Allen brought suit against the defendants in 2015, alleging violations of the Copyright Act and of 42 U.S.C. § 1983, among other claims, and asserting that the defendants had engaged in an unconstitutional taking of Allen's property. The State defendants moved to dismiss all claims and all State-affiliated parties from the lawsuit on grounds of immunity including sovereign immunity from suit under the Copyright Act, and on the basis that certain of the claims should first have been brought in State court. This Court entered an order dismissing Count III of Allen's amended complaint on the basis that it should have been brought in State court, and granting in part and denying in part other aspects of the motion. [DE 69]

Appeals resulted, first to the Fourth Circuit and ultimately to the United States Supreme Court. The Supreme Court's unanimous opinion held that Congress, in passing the Copyright Remedy Clarification Act, did not meet the second prong of the two-prong test requested for abrogation of state sovereign immunity under §5 of the Fourteenth Amendment, and that the Intellectual Property Clause of Article I of the Constitution could not alone support the passage of the Act.

During the appellate process, this Court had entered an order based upon the Fourth Circuit's decision, dismissing without prejudice Allen and Nautilus's claims against North

3

Carolina, the Department of Natural and Cultural Resources, and the public officials acting in their official capacity and dismissing with prejudice the remaining claims against the officials in their individual capacities; and ordered a status report as to the remaining parties. That order was stayed for the pendency of the appeal, and the clerk was directed to place the case on the active docket again once the parties filed their joint status report. [DE 92, 95, ]

The joint status report was filed on July 15, 2020, and included a request by Allen that plaintiffs be permitted to file a motion for reconsideration of this Court's dismissal of Court III of their amended complaint, which the Court granted by order filed August 5. [DE 102, 103]. To that end, this motion and memorandum are now timely filed.

### III. LAW

#### A. Copyrights are a Form of Property

While there may have been debate in the past as to whether copyrights—an admittedly intangible right—are "property," that debate cannot continue. Why? In the words of Justice Kagan earlier this year, speaking for a unanimous Court:

> "Copyrights are a form of property."

*Allen v. Cooper*, 140 S. Ct. 994, 1004 (2020). The United States Supreme Court has never been so clear.

#### B. United States Constitution

The Fifth Amendment to the United States Constitution includes a simple requirement: "[N]or shall private property be taken for public use, without just compensation."

As Chief Justice Roberts notes: "It does not say: 'Nor shall private property be taken for public use, without an available procedure that will result in compensation.'" *Knick v. Twp. of*

4

*Scott*, 139 S. Ct. 2162, 2170 (2019). One can now bring a takings claim under Section 1983 as a federal question under 28 USC § 1331 without having to first resort to state court. *Id.*[1]

Moreover, "[j]ust as the Constitution guarantees the payment of just compensation for a taking, so too does the Due Process Clause provide the right to a remedy for [a taking] in violation of federal law." *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 551-52 (4th Cir. 2014). Put simply, the Due Process Clause of the Fourteenth Amendment requires *some kind of adequate remedy* in addition to the due process *basics* of notice and opportunity to be heard.

    C.  <u>*United States v. Georgia*</u>

If conduct that violates an established statutory right also violates the Constitution, then a Plaintiff may proceed under the Constitution *and* the statute— whether or not a *general* prophylactic abrogation of state immunity under that statute would be valid. *United States v. Georgia*, 546 U.S. 151, 154 (2006).

In *Georgia*, the plaintiff alleged a violation of the Eighth Amendment in addition to alleging a violation of Title II of the American with Disabilities Act ("ADA"). The United States Supreme Court found that the ADA was an unequivocal expression of Congress's intent to abrogate state sovereign immunity. *Georgia*, 546 US at 154. Furthermore, the Supreme Court found that the plaintiff inmate's claims for money damages against the State of Georgia not only set out a violation of statutory rights established under the ADA, but also was based on conduct

---

[1] North Carolina's own constitution also provides that no person shall "be deprived of his life, liberty, or property but by the law of the land." N.C. CONST. Art. I, § 19. The North Carolina Supreme Court has found this clause to have the same impact as the Fifth Amendment to the United States Constitution. *Carolina Beach Fishing Pier, Inc. v. Carolina* Beach, 274 NC 362 (1968); *DeBreuhl v. State Highway & Pub. Wrks Comm'n*, 247 NC 671 (1958).

that independently violated the Eighth Amendment's guarantee against cruel and unusual punishment. *Id*. at 159. The Court thus did not have to consider whether Title II of the ADA met the "congruence and proportionality" test for a valid prophylactic abrogation of state immunities under *Florida Prepaid*. All nine justices agreed that the ADA's abrogation could be validly enforced, where the plaintiff alleges that the statutory violation was also an actual *constitutional* violation. 546 US at 158-59.

Consequently, insofar as (a) a federal statute (such as the ADA, in *Georgia*) demonstrates Congressional intent to abrogate state sovereign immunity, by creating a private cause of action for damages against states, and (b) where the plaintiff alleges a violation of the statute amounting to conduct that also violates the Constitution, then sovereign immunity is abrogated, and the plaintiff is entitled to proceed with a direct constitutional claim. *Georgia*, 546 US at 159.

As shown above and below, North Carolina agrees with this standard.

### D. Reconsideration

District courts generally treat motions for reconsideration as being filed under Fed. R. Civ. P. 59 or 60. Here, Rule 60 is the standard under which this Court is entitled to act.[2]

---

[2] Rule 59 requires a motion within 28 days of a ruling and thus is inapposite. Nonetheless, it provides instruction and should be read in *para materia* with the Rule 60(b) catchall provision that an order should be revised for "any other reason that justifies relief." Fed R Civ P 60(b)(6). This District has held that a motion for reconsideration brought under Rule 59(e) should be granted to accommodate an intervening change in controlling law or to correct "manifest errors of law." *Henderson v. Clinton & Clinton*, No. 5:13-CV-635-FL, 2014 U.S. Dist. LEXIS 119225, at *18 (EDNC Aug. 15, 2014). As with Rule 60 motions, Rule 59 motions are not justified by a party's mere disagreement with the court's ruling. But as with Rule 60, the Rule is intended to ensure that the interests of justice are served—including ensuring that the correct law is applied.

6

Rule 60(b) allows for "relief from a final judgment, order, or proceeding" on account of excusable neglect, mistake, newly discovered evidence, fraud (by an opposing party), and a final, comprehensive, basis: "any other reason that justifies relief." Fed R Civ P 60(b)(6).

It is certainly true, as the Fourth Circuit has stated, that Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue," or to simply ask a court to change its mind. *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)). Similarly in this District, it is clear that one cannot merely ask a court to rethink its fully contemplated decision — regardless of whether its decision is right or wrong. *Henderson v. Clinton & Clinton*, No. 5:13-CV-635-FL, 2014 U.S. Dist. LEXIS 119225, at *18 (EDNC Aug. 15, 2014).

But importantly, motions for reconsideration **are**, at least in part, designed to accommodate changes in the law, and to allow reconsideration of decisions under such circumstances. *Id*. *Henderson*'s holding and its rationale, while based on Rule 59, hold true for Rule 60(b) motions as well.

IV. **DISCUSSION**

> A. **The Supreme Court's Intervening Decision in *Knick* Authorizes Allen to Proceed in Federal Court Without Having to First Seek Relief in State Court.**

In 2015, this Court ruled that "plaintiffs' takings claims brought under Section 1983 are barred" because Fourth Circuit jurisprudence mandated that federal courts cannot hear Section 1983 claims when state courts are open to adjudicate the same. *Allen v. Cooper*, 244 F. Supp. 3d 525, 540 (E.D.N.C. 2017) (quoting *Hutto v. SC Ret. Sys.*, 773 F.3d 536, 552 (4th Cir. 2014) ("[W]e conclude that the Eleventh Amendment bars Fifth Amendment taking claims against

7

States in federal court when the State's courts remain open to adjudicate such claims."); *see also* DE 69 at 18.

Since then, the United States Supreme Court held that there is no requirement to proceed *first* in state court on Fifth Amendment takings claims. In June 2019, the Supreme Court held that a property owner "was not required to pursue a [takings action] against a township in state court before bringing a 42 USC § 1983 action alleging violation of the Fifth Amendment Takings Clause because a government violated the Takings Clause when it took property without compensation, and a Fifth Amendment claim could be brought under § 1983 at that time in federal court" as a federal question under 28 USC § 1331. *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2164 (2019). This Court recently recognized this very point earlier this year. *Currituck Cty. v. Letendre*, No. 2:19-CV-27-BO, 2020 US Dist LEXIS 24363, at *11 (EDNC Feb 12, 2020) (Boyle, J.) (takings case need not be litigated in state court before proceeding in federal court).

While this Court, as it was required to do, relied on then-prevailing law at the time this Court dismissed Allen's takings claim, that precedent has changed. That change in the law constitutes "any other reason that justifies relief" in this case. Fed. R. Civ. P. 60(b)(6). Allen's Motion to Reconsider under Rule 60(b)(6) is properly before this Court, and Allen should be allowed to proceed with his federal claims.

### B. Allen's Complaint Sets Out an Additionally Valid Claim and Allen Will Seek the Court's Permission to Amend the Complaint to Make this Still Clearer

1. North Carolina's Violation of the Fifth Amendment

Allen's copyrights are his property. And, Allen's Amended Complaint alleges that his property has been converted and taken in a variety of ways, including by the State's intentional

8

infringements that continued even after the original complaint had been filed and for which he was provided no adequate compensation or other remedy. [DE 12 ¶¶ 21, 45, 48, 66, 67, 75, 78, 80.]

An unconstitutional taking is immediately actionable, and a property owner may sue "the government at that time in federal court for the 'deprivation' of a right 'secured by the Constitution" directly under the Takings Clause <u>and/or</u> 42 USC §1983. Consequently, property owners – which now clearly include intellectual property owners – have a "claim for a violation of the Takings Clause as soon as a government takes his property." Therefore, when the government, state or federal, takes property, "the compensation remedy is required by the Constitution." *First English Evangelical Lutheran Church v. Cty. of L.A.*, 482 US 304, 315 (1987) (governmental action that takes "property rights necessarily implicates the constitutional obligation to pay just compensation"); *Knick* at 2172.

Allen's Amended Complaint supports a takings claim. Furthermore, Allen should be allowed to amend to assert additional facts and/or parties in support of his takings claim, to amplify the intentional misconduct and absence of adequate remedies that—as the State already has admitted in principle—entitles him to bring his claim and to seek relief.

    2. <u>North Carolina's Violation of the Fourteenth Amendment's Due Process Clause</u>

Allen's amended complaint [DE 12] sets out (for example, in paragraphs 21, 45, 48, 66, 67, 75, 78, and 80), the State's intentional taking of his property, failure to remediate its taking, and the absence of due process and notice afforded to him. Indeed, the amended complaint not only alleges an absence of remedies but further highlights their absence by describing a concerted effort undertaken by and on behalf of North Carolina to interfere with Allen's rights.

9

*See, e.g.,* [DE 12], ¶ 50. If allowed to amend, Allen will allege still further and more detailed facts showing that North Carolina has provided, even to date, no remedy to Allen whether pre- or post-deprivation, despite its taking of his property. This is plainly unconstitutional.[3] And, it is actionable.

### 3. Direct Constitutional Claim under *U.S. v. Georgia*

*Georgia* unanimously states that abrogation of sovereign immunity necessarily happens when a plaintiff can establish <u>both</u> a statutory violation of a federal law, and a constitutional violation. *United States v. Georgia*, 546 U.S. 151, 158-159 (2006). Put alternatively, *Geo*rgia creates a two-pronged test: if one can establish both a federal statutory violation and a federal constitutional violation, then immunity is abrogated, and one can proceed with federal claims.

Allen has alleged that the same conduct that violated the Copyright Act (17 U.S.C. § 106) simultaneously amounted to a constitutional violation by taking, without compensation, Allen's property, thereby offending <u>both</u> the Copyright Act <u>and</u> the Fifth Amendment. [DE 12 at 21-22.] This includes Allen's property in the *res* – i.e., the actual digital media containing his copyrighted works – as well as his property rights to copy, distribute, derivate, adapt, exploit, use, publish, and publicly perform his property, *inter alia*. *See generally* 17 U.S.C. § 106. Furthermore, if allowed to amend, Allen will likewise allege that North Carolina has deprived

---

[3] Even under the decision that "prewrote" *Allen v. Cooper*, taking intellectual property – a patent – without an adequate remedy is plainly unconstitutional: "Under the plain terms of the Due Process Clause and the clear import of this Court's precedent, a State's infringement of a patent [or property] violates the Constitution only where the State provides no remedy, or only inadequate remedies, to injured patent [or property] owners for its infringement of their patent [or property]." *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 630 (1999) (striking down the Patent Remedy and Clarification Act because Congress "barely considered the availability of state remedies for patent infringement"); *Allen v. Cooper* 140 S. Ct. at p. 1007 ("*Florida Prepaid* all but prewrote our decision today.")

10

him of the same property and property rights by taking them without a modicum of due process—facts which already are implied and stated in the currently operative complaint, as set out above, and which additionally violate both the Fourteenth Amendment and the Copyright Act.

Allen's position is highly similar to that of the plaintiff in *Georgia*. In *Georgia*, the United States Supreme Court found that the ADA was an unequivocal expression of Congress's <u>intent</u> to abrogate state sovereign immunity. *United States v. Georgia*, 546 U.S. 151, 154 (2006). (That is, the Supreme Court looked chiefly at Congressional intent rather than whether Congress validly abrogated.) The Supreme Court found that the inmate plaintiff's claims for money damages against the state under the ADA were also based on conduct that independently violated the Eighth Amendment's guarantee against cruel and unusual punishment. *Id*. at 159. Consequently, insofar as the ADA created a private cause of action for damages against the states for conduct that also violated the Constitution, the plaintiff could proceed with a direct constitutional claim. *Georgia*, 546 U.S. at 159.

The same should follow here, as North Carolina has trespassed upon the Copyright Act, and has also violated the Fifth and Fourteenth Amendments to the United States Constitution.

To be clear, and as North Carolina recognizes, <u>the test from Georgia decides Allen's case</u>. Allen has alleged that North Carolina violated the Copyright Act, <u>and</u> that this infringement actually and independently violated the Constitution by depriving him of his property without due process of law in addition to depriving his property without "just compensation." If given the opportunity to amend, Allen will allege more facts to buttress his general allegations of taking without due process, intentional infringements, and those responsible. And, now especially, specifically because of *Allen v. Cooper,* no one can dispute that the copyrights in question count

11

as "property" within the meaning of the Due Process Clause, making the issues under *Georgia* all the more relevant.

Furthermore, although this Court noted in *Florida Prepaid* that not every intellectual property infringement is a constitutional violation, Allen's claims do not present like challenges both because intentional unremediated taking already is alleged and because, if allowed to amend, he will set out additional facts to support the intentionality of the taking, and to support a taking without an adequate remedy and without being afforded the due process basics of notice and an opportunity to be heard. *Cf. supra* at n. 3. (*Florida Prepaid*, 527 U.S. at 645 (emphasizing that "a deprivation of property without due process" occurs "only where the State provides no remedy, or only inadequate remedies, to injured patent owners for its infringement of their patent")).

In conclusion, the State of North Carolina sums up Allen's position quite well under *Georgia*: that is, if Allen "***can reasonably allege that there has been intentional copyright infringement and there are not adequate remedies, then, under this Court's Georgia decision, [he] can bring a direct constitutional claim***." *Allen v. Cooper*, No. 18-877, Tr. 39:21-40:1 (Ex. 1). Reconsideration should be allowed, and Allen should be permitted to amplify the position that the State effectively concedes he is entitled to pursue.

V.  **Conclusion**

Allen's Motion to Reconsider should be granted. There has been an intervening change in the law on which this Court relied; and even North Carolina recognizes that its sovereign immunity is abrogated by the United States Supreme Court's decision in *United States v Georgia* when its conduct simultaneously violates both federal statutory and constitutional rights.

12

Respectfully submitted, this 4th day of September 2020.

                                         **OLIVE & OLIVE, P.A**.
                                         Attorneys for Plaintiffs

                                         /s/ Susan Freya Olive
                                         **Susan Freya Olive**
                                            NC Bar No. 7252
                                         **David L. McKenzie**
                                            NC State Bar No. 36376
                                         P. O. Box 2049
                                         Durham, North Carolina 27702
                                         Telephone: (919) 683-5514
                                         Email: emailboxEDNC@oliveandolive.com

                                         **POE LAW FIRM, PLLC**
                                         Attorneys for Plaintiffs
                                         /s/ Joe Poe
                                         **G. Jona Poe Jr.**
                                          NC State Bar No. 5920
                                         Poe Law Firm PLLC
                                         PO Box 15455
                                         Durham, North Carolina 27704
                                         Telephone: (919) 471-4015
                                         Email: joe@poelaw.com

## Certificate of Service

I certify that I served the foregoing document by filing it through the CM/ECF system, which will automatically serve file-stamped copies of the same upon all parties through their counsel of record in this matter, on this the 4th day of September, 2020.

/s/ Susan Freya Olive
**Susan Freya Olive**
