IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO.: 4:24-CV-00046-BO-BM

NORTH CAROLINA FARM BUREAU )
MUTUAL INSURANCE COMPANY, )
INC., as subrogee of B. D. Potter Farms, )
Inc., )
                                          )
              Plaintiff,                  )   **STIPULATED PROTECTIVE ORDER**
                                          )
     v.                                   )
                                          )
DEERE & COMPANY, INC.,                    )
                                          )
              Defendant.

THIS Stipulated Protective Order is made by and among Plaintiff, North Carolina Farm Bureau Mutual Insurance Company, Inc., as subrogee of its insured, B.D. Potter Farms, Inc., and Defendant, Deere & Company (sued as "Deere & Company, Inc., hereinafter "Deere"), collectively ("the parties").

WHEREAS, the parties are in need of discovery in this action in order to prosecute and defend the claims made herein; and

WHEREAS, the parties seek to prevent undue or unwarranted disclosure of confidential personal, commercial, financial, proprietary, copyrighted, trademarked, patented, trade secret and design information and/or materials which may be divulged pursuant to discovery in this action; and

WHEREAS, the parties hereto desire to facilitate discovery and maintain the confidentiality of such information.

NOW, THEREFORE, in consideration of the mutual promises herein and pursuant to the Federal Rules of Civil Procedure, the parties agree as follows:

1. Any party may designate and visibly mark as "CONFIDENTIAL" any document, material, or information or group of documents, materials, or information which it in good faith believes contain confidential personal, commercial, financial, proprietary, copyrighted, trademarked, patented, trade secret and/or design information, or any other documents, discovery and answers for which a party chooses to assert confidentiality (the "Protected Information"), and produce such Protected Information without waiving any applicable privilege or ground for objection. Such designation constitutes a representation by the party that it has a reasonable basis to believe that the Protected Information so designated is, in fact, confidential information appropriate for protection as confidential and that it is entitled to that protection.

2. The parties shall not disclose Protected Information designated as "CONFIDENTIAL" except in compliance with the provisions herein and as follows:

   a. To the requesting party and the party's attorneys, employees, and staff;

   b. To the officers, directors, and employees of the requesting party (including in-house counsel) to whom disclosure is reasonably necessary for this litigation;

   c. To experts or consultants retained or employed by the requesting party in connection with this action, but only to the extent deemed by their counsel to be necessary for the proper representation of their clients in this action;

   d. To court reporters and their staff, professional jury or trial consultants, mock jurors, and other professional vendors to whom disclosure is reasonably necessary for this litigation;

   e. To witnesses for deposition or trial or in preparation for deposition or trial if counsel has a good faith basis to believe the witness has knowledge of the subject matter of the Protected Information; **such witnesses shall not be sent copies of confidential documents or information, nor may they retain such copies**; and

   f. To the Court and its personnel;

   g. To other persons as may be designated by written stipulation of counsel for the designating party; and

   h. By specific order of the Court.

3. Unless otherwise permitted by this Protective Order, all Protected Information designated as "CONFIDENTIAL": (a) shall **not** be disclosed or used for any purpose other than for prosecuting, defending, or attempting to settle this litigation; (b) shall **not** be disclosed to or used by any third party, unless there is an order of this Court to the contrary; and (c) shall **not** be filed with the Court, as an exhibit, as part of a deposition transcript, pleading, motion, memorandum, or otherwise, unless such matter is filed under seal in the manner described in paragraph 8 of this Protective Order (and in accordance with any applicable Case Management Order issued by the presiding judge).

4. Each person given access to Protected Information designated as "CONFIDENTIAL" **or information derived therefrom** shall be advised that such material and/or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof. In the event any party wishes to disclose any Protected Information, or provide copies of any document(s) or transcript(s), designated as "CONFIDENTIAL" to an outside expert, consultant, or witness as permitted by this Protective Order, the outside expert, consultant, or witness to whom such Protected Information is to be provided shall be required to sign, prior to receiving the Protected Information, an agreement in the form attached hereto as Exhibit "A," which agreement shall be retained by counsel for the party disclosing the Protected Information.

5. When oral information is given at a deposition and when a party's counsel deems that the answer to a question will result in the disclosure of Protected Information as described above:

   a. Any party's counsel may state on the record that the documents referred to or the testimony elicited constitutes Protected Information and that the transcript of that portion of the deposition should be filed in the manner prescribed below.

b. Any party's counsel may request that all persons, other than the court reporter, videographer, counsel for the parties, a representative of each party, and the witness, leave the room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for the party's counsel to advise the witness not to answer a question seeking revelation of Protected Information.

c. Any party's counsel may also designate any portion of a deposition transcript as CONFIDENTIAL. Such designation shall be made within twenty-one (21) days after receipt of the transcript. All information contained in the transcript shall be deemed Protected Information until the expiration of this twenty-one (21) day period.

6. If the requesting party objects in writing to the designation of any document, information, or portion of a deposition transcript as "CONFIDENTIAL" by a designating party, that requesting party shall, after conferring with the designating party's counsel to resolve the dispute, have the burden of filing a motion with the Court for a determination as to whether such material is "CONFIDENTIAL" within thirty (30) days following service of the document or information bearing the disputed designation, if it elects to at all. Any such motion must be made such that the Court may consider the motion no later than the Pre-trial Conference.

7. Pursuant to and consistent with Federal Rules of Evidence 502(d), if Protected Documents or any other document or information subject to a claim of attorney-client privilege, work-product immunity, trade secret protection, or any other relevant privilege or immunity under relevant case law and rules, production of which should not have been made to any party, is inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, trade secret protection, or any other ground for withholding production to which any party producing the documents or information would otherwise be entitled. In the event that a party discovers that it has received either attorney-client privilege or work-product documents, it will bring that fact to

the attention of the Producing Party immediately upon discovery. Any such inadvertently produced materials shall be returned promptly to the Producing Party upon request and all copies destroyed upon request, and no use thereof shall be made by the party to whom such documents or information were inadvertently produced, except to the extent necessary to present the issues concerning privilege to the Court.

8. Failure to denominate documents or information as "CONFIDENTIAL" in the foregoing manner shall not constitute a waiver by any party of the right to designate the document or information as "CONFIDENTIAL" if the failure is inadvertent. Counsel, upon notification of the designation, must make timely reasonable efforts to assure the material is treated in accordance with the provisions of this Protective Order.

9. In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including:

(1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of

Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion. In the event any third party seeks discovery of the Protected Information designated as "CONFIDENTIAL" under this Protective Order from a party hereto (or from an expert or consultant employed by such party), the party from whom the discovery is sought shall give prompt notice to the designating parties by notifying the parties' counsel in writing in order that the party may have an opportunity to intervene in opposition to such discovery.

10. The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions prohibits a Non-Party from seeking additional protections.

11. Upon the decision in this action becoming final, the action being settled, or, should a final decision be appealed by any party to this action, upon the completion of all appeals herein, all Protected Information designated as "CONFIDENTIAL", including all copies, abstracts, compilations, summaries, memorandums, pleadings, court documents, or transcripts reproducing or capturing any of the Protected Information, shall be, at the election of the producing party, either returned to the party producing such Protected Information at the producing party's expense or destroyed. If the producing party elects to have the receiving party destroy the Protected Information, the receiving party and its counsel shall certify in writing that all Protected Information has been destroyed.

12. Counsel for each party obtaining Protected Information shall maintain and retain all agreements in the form of Exhibit "A" hereto and, for good cause shown, such counsel shall be

required to produce such agreements to any other party in the event a reasonable basis exists for the belief that this Protective Order has been violated.

13. In the event anyone shall breach or violate, or threaten to breach or violate, any terms of this Protective Order, the designating party may immediately apply to obtain injunctive relief against any such person breaching or violating, or threatening to breach or violate, the terms of this Protective Order. This Protective Order shall not be construed as an exclusive remedy or as a waiver of the designating party's right to seek further redress for a breach of this Protective Order.

14. This Protective Order shall not be construed:

   a. to broaden the permissible scope of discovery in this action;

   b. as a waiver of any party's right to object to the furnishing of discovery;

   c. as an admission by any party that any particular material contains or reflects trade secrets, proprietary or commercial information, or other confidential matter; or

   d. to prejudice any party's right to apply to the Court for a Protective Order.

15. Each of the firms and parties named above undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**SALTZ NALIBOTSKY**

Dated: August 28, 2024        By: */s/ Albert s. Nalibotsky*
　　　　　　　　　　　　　　　　Albert S. Nalibotsky
　　　　　　　　　　　　　　　　N.C. State Bar No. 19478
　　　　　　　　　　　　　　　　6101 Carnegie Boulevard, Suite 440
　　　　　　　　　　　　　　　　Charlotte, North Carolina 28209
　　　　　　　　　　　　　　　　(704) 910-2680
　　　　　　　　　　　　　　　　analibotsky@s-nlaw.com

　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

**FROST BROWN TODD LLP**

Dated: August 28, 2024        By: */s/ Nicholas C. Pappas*
　　　　　　　　　　　　　　　　Indiana State Bar No. 17164-49
　　　　　　　　　　　　　　　　111 Monument Circle, Suite 4500
　　　　　　　　　　　　　　　　PO Box 44961
　　　　　　　　　　　　　　　　Indianapolis, IN 46244-0961
　　　　　　　　　　　　　　　　Telephone: (317) 237-3800
　　　　　　　　　　　　　　　　npappas@fbtlaw.com

　　　　　　　　　　　　　　　　Frank S. Carson
　　　　　　　　　　　　　　　　Ohio State Bar No. 89575
　　　　　　　　　　　　　　　　10 West Broad Street, Suite 2300
　　　　　　　　　　　　　　　　Columbus, OH 43215-3484
　　　　　　　　　　　　　　　　Telephone: (614) 559-7233
　　　　　　　　　　　　　　　　fcarson@fbtlaw.com

　　　　　　　　　　　　　　　　*Counsel for Defendant Deere & Company*

ELLIS & WINTERS LLP

Dated: August 28, 2024

By: */s/ Ashley K. Brathwaite*
Ashley K. Brathwaite
N.C. State Bar No. 33830
Post Office Box 33550
Raleigh, North Carolina 27636
(919) 865-7000
Ashley.Brathwaite@elliswinters.com

*Local Civil Rule 83.1(d) Counsel for Defendant Deere & Company*

PURSUANT TO STIPULATION, IT IS SO ORDERED,

Dated: 9-4-24

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

# EXHIBIT "A"

NAME

ADDRESS

POSITION

    I understand that confidential documents and/or information are being provided and disclosed to me solely for purposes related to North Carolina Farm Bureau Mutual Insurance Company, Inc. v. Deere & Company, Case No. 4:24-cv-00046-BO-BM, pending in the United States District Court for the Eastern District of North Carolina. I have been advised that such confidential documents and the information contained therein may **not** be disclosed or used for any purpose whatsoever other than in connection with my acting as an expert, consultant, or witness in this case.

    I acknowledge receipt of a copy of the Protective Order between the parties in the above-referenced case and I agree to its terms. I have been advised that any unauthorized use or disclosure of such Protected Information may subject me to sanctions by the Court and I submit myself to the jurisdiction of the above-referenced Court with regard to any dispute regarding my use or disclosure of such Protected Information. I will return all Protected Information that comes into my possession to the counsel who provided it to me at the conclusion of this litigation.

Signature:_____

Printed Name:_____

Dated:_____

0142677.0786279  4885-6175-9194v1